

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF TEXAS**
**BEAUMONT DIVISION**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| v. | § | CASE NO. 1:12-CR-34 |
| | § | |
| JOHN OLIVER MANNING | § | |

**FINDINGS OF FACT AND RECOMMENDATION**
**ON PETITION REQUESTING REVOCATION OF SUPERVISED RELEASE**

Pursuant to 28 U.S.C. § 636(b) and the Local Rules for the United States District Court, Eastern District of Texas, this matter was referred to the undersigned magistrate by the District Court for hearing and the submission of findings of fact and a report and recommendation in accordance with 18 U.S.C. §§ 3401(I) and 3583(e).  The United States has alleged that Defendant, John Oliver Manning ("Defendant" or "Manning"), violated conditions of supervised release imposed by United States District Judge Sam Sparks of the Western District of Texas.  The United States filed its *First Amended Petition for Warrant or Summons for Offender Under Supervision* [doc. #3] requesting the revocation of Defendant's supervised release.  The Court conducted a hearing on August 23, 2012, in accordance with Federal Rules of Criminal Procedure 11, 32 and 32.1.  Defendant was present and represented by counsel at the hearing.

## DISCUSSION

### A. Procedural History

On September 23, 1997, The Honorable Sam Sparks, United States District Judge for the Western District of Texas, sentenced the defendant after he pled guilty to two counts of bank robbery, a Class B felony. This offense carried a statutory maximum imprisonment term of 25 years. The guideline imprisonment range, based on a total offense level of 27 and a criminal history category of VI, was 130 to 162 months. Judge Sparks sentenced Manning to 144 months imprisonment to be followed by a 5 year term of supervised release as to both counts 1 and 2, to run concurrently, subject to the standard conditions of release, plus special conditions to include Restitution in the amount of $4,700. On May 31, 2008, John Oliver Manning completed his period of imprisonment and began service of the supervision term. On March 5, 2010, the Southern District of Texas accepted transfer of jurisdiction from the Western District of Texas. Then, on May 10, 2012, the Eastern District of Texas accepted transfer of jurisdiction from the Southern District of Texas. The case is assigned to United States District Judge Marcia A. Crone.

### B. Allegations in Petition

The United States alleges that Defendant violated the following mandatory condition of supervised release:

*The Defendant shall not commit another federal, state, or local crime.*

Specifically, the Probation Office alleges that on or about September 7, 2009, in the Eastern District of Texas, John Oliver Manning committed the offenses of Conspiracy to Commit a Violent Crime in Aid of Racketeering Activity, Committing a Violent Crime in Aid of Racketeering Activity, Using and Carrying a Firearm During and in Relation to a Crime of Violence, and Felon in Possession

of a Firearm and Ammunition. The petition further alleges that on December 11, 2011, Manning was convicted of these crimes in cause number 1:11-CR-37(2).

**C. Evidence presented at Hearing**

At the hearing, the Government offered the following evidence in support of the allegations set out *supra*. The Government offered a copy of the jury verdict filed in cause number 1:11-CR-37(2), on December 1, 2011. That verdict form shows that the jury found Manning guilty of the charged crimes in that case - Conspiracy to Commit a Violent Crime in Aid of Racketeering Activity, Committing a a Violent Crime in Aid of Racketeering Activity, Using and Carrying a Firearm During and in Relation to a Crime of Violence, and Felon in Possession of a Firearm and/or Ammunition. The Government requested that the Court find that Manning violated conditions of his supervision, issue a sentence within the range suggested by the Guidelines, and run some of the new sentence concurrently and a portion consecutively to the new term of imprisonment imposed in 1:11-CR-37(2).

The Defendant did not contest the evidence presented. He requested that the Court order that any sentence of imprisonment imposed in this case run concurrently to the new sentence he received in 1:11-CR-37(2).

**D. Applicable Law, Sentencing Guidelines, Findings and Recommendation**

The allegations and supporting evidence presented by the Government warrant revocation of supervised release. *See* 18 U.S.C. § 3583(e)(3). The Court factually finds by a preponderance of the evidence that the defendant violated a mandatory condition of his supervised release by being convicted of four new federal crimes while on supervised release as alleged in the petition. This violation constitutes a Grade A violation under U.S.S.G. § 7B1.1(a). Upon finding a Grade A violation, the Court shall revoke the defendant's supervised release. *See* U.S.S.G. § 7B1.3(a)(1).

Based upon the defendant's criminal history category of VI and the Grade A violation, the Sentencing Guidelines suggest a sentence of imprisonment for a period ranging from 33 to 41 months. *See* U.S.S.G. § 7B1.4(a). Because the original offense of conviction was a Class B felony, the statutory maximum imprisonment term upon revocation is three years, or 48 months. *See* 18 U.S.C. § 3583(e)(3).

The Court may take into consideration factors including the nature and circumstances of the offense, the history and characteristics of the defendant, the kinds of sentences available, and the need to provide restitution to any victims to the offense. *See* 18 U.S.C. §§ 3583(a); 3553(a). U.S.S.G. § 7B1.3(f) suggests that "[a]ny term of imprisonment imposed upon the revocation of probation or supervised release shall be ordered to be served consecutively to any sentence of imprisonment that the defendant is serving, whether or not the sentence of imprisonment being served resulted from the conduct that is the basis of the revocation of probation or supervised release." The Fifth Circuit also states that Chapter 7 of the Sentencing Guidelines regarding the revocation of supervised release is advisory only. *See United States v. Cade*, 279 F.3d 265, 271 n.2 (5th Cir. 2002) (Citing *United States v. Montez*, 952 F.2d 854, 859 (5th Cir. 1992); *United States v. Headrick*, 963 F.2d 777, 782 (5th Cir. 1992)). Because Chapter 7 was promulgated as an advisory policy statement and there are no applicable guidelines for sentencing after revocation of supervised release[1], the Court may impose a greater or lesser sentence upon revocation. *United States v. Gonzalez*, 250 F.3d 923, 925 (5th Cir. 2001). Further, a sentence imposed for revocation will be upheld unless it is in violation of the law or plainly unreasonable. *Id.* *See also United States v. Pena*, 125 F.3d 285, 288 (5th Cir.

---

[1] *See U.S. Sentencing Guidelines Manual*, Ch. 7, pt. A, cmt. 1 ("At this time, the Commission has chosen to promulgate policy statements only.")

1997)(Citations omitted).

As stated above, the Court finds that Mr. Manning committed a Grade A violation of his supervision conditions. The Court further finds that his supervision should be revoked and he should be sentenced to a term of imprisonment for that revocation. The undesigned takes into account that Mr. Manning was sentenced to almost thirty (30) years in federal prison in 1:11-CR-37(2) and he is almost 53 years old. Defense counsel also pointed out that Judge Crone opted not to upwardly depart when she sentenced Mr. Manning on the new convictions. This Court therefore finds, based on the evidence presented and the totality of the circumstances, the District Court should impose a sentence of imprisonment within the range suggested by the Guidelines for a Grade A violation but exercise discretion to run that term of imprisonment concurrently to the 355 total month of imprisonment ordered in 1:11-CR-37(2).

The Court recommends that the District Court revoke Defendant's term of supervised release. Based on the factors and evidence presented in this case, it is the recommendation of the undersigned United States Magistrate Judge that as punishment for the revocation, the District Court sentence Defendant to a term of **thirty-eight (38) months imprisonment**, to run concurrently with the imprisonment sentence imposed against Mr. Manning in 1:11-CR-37(2), with no further term of supervised release to follow in this case.

## **OBJECTIONS**

Objections must be: (1) specific, (2) in writing, and (3) served and filed within fourteen (14) days after being served with a copy of this report. *See* 28 U.S.C. § 636(b)(1).

A party's failure to object bars that party from: (1) entitlement to *de novo* review by a district judge of proposed findings and recommendations, *see Rodriguez v. Bowen*, 857 F.2d 275, 276-77 (5th

Cir. 1988), and (2) appellate review, except on grounds of plain error of unobjected-to factual findings and legal conclusions accepted by the district court, *see Douglass v. United Servs. Auto. Ass'n*., 79 F.3d 1415, 1417 (5th Cir. 1996) (en banc). The constitutional safeguards afforded by Congress and the courts require that, when a party takes advantage of his right to object to a magistrate's findings or recommendation, a district judge must exercise its nondelegable authority by considering the actual evidence and not merely by reviewing and blindly adopting the magistrate judge's report and recommendation. *See Hernandez v. Estelle,* 711 F.2d 619, 620 (5th Cir. 1983); *United States v. Elsoffer*, 644 F.2d 357, 359 (5th Cir. 1981) (per curiam).

**SIGNED this the 4th day of October, 2012.**

_____
KEITH F. GIBLIN
UNITED STATES MAGISTRATE JUDGE