**UNITED STATES DISTRICT COURT**             **EASTERN DISTRICT OF TEXAS**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| *versus* | § | CASE NO. 1:12-CR-34 |
| | § | |
| JOHN OLIVER MANNING | § | |

## MEMORANDUM AND ORDER

Pending before the court is Defendant John Oliver Manning's ("Manning") *pro se* letter request for the court to excuse the remainder of his restitution (#17).  The Government filed a response in opposition (#19) which notes that the United States Probation Officer for the Eastern District of Texas also opposes the relief sought by Manning.  Having considered Manning's request, the Government's response, the submissions of the parties, the record, and the applicable law, the court is of the opinion that Manning's request should be dismissed.

In his letter, Manning references restitution orders associated with two cases from the United States District Court for the Western District of Texas:  "A-97-CR-107" and "A-97-CR-63."  In docket number 1:97-CR-63, Manning was convicted of two counts of Bank Robbery that occurred on March 18, 1997, and March 28, 1997.  The court sentenced Manning to 144 months' imprisonment on each count, to run concurrently with each other, followed by a five-year term of supervised release.  The court also ordered Manning to pay restitution in the amount of $4,700. In docket number 1:97-CR-107, Manning was convicted of another act of Bank Robbery that occurred on March 11, 1997.  The court sentenced Manning to 144 months' imprisonment to be served concurrently with the terms of imprisonment imposed in docket number 1:97-CR-63, followed by a three-year term of supervision to run concurrently with docket number 1:97-CR-63. The court also imposed restitution in the amount of $4,270.

Manning has fully paid the restitution order associated with Western District of Texas docket number 1:97-CR-107.  He has an outstanding balance of $1,156.67 in connection with Western District of Texas docket number 1:97-CR-63.  In 2010, the Western District of Texas transferred jurisdiction over Manning's supervision to the Southern District of Texas pursuant to 18 U.S.C. § 3605.  In 2012, the Southern District of Texas transferred jurisdiction over Manning's supervision to the Eastern District of Texas, docket number 1:12-CR-34.

Although jurisdiction of Manning's term of supervised release was transferred to the Eastern District of Texas pursuant to 18 U.S.C. § 3605, Manning has not identified any statute conferring jurisdiction on this court to modify the original restitution order.  *See United States v. Wayne*, 394 F. App'x 497, 498 (10th Cir. 2010); *United States v. Jackson*, No. 3:21-CR-00109, 2023 WL 4636613, at *2 (D. Alaska July 17, 2023); *United States v. Weiss*, No. 21-CR-00457 (PMH), 2022 WL 10667255, at *2 (S.D.N.Y. Oct. 17, 2022).  Section 3605 provides that:

> A court, after imposing a sentence, may transfer jurisdiction over a probationer or person on supervised release to the district court for any other district . . . . A court to which jurisdiction is transferred under this section is authorized to exercise all powers over the probationer or releasee that are permitted by this subchapter or subchapter B or D of chapter 227.

18 U.S.C. § 3605.  "This is a limited grant of authority to the transferee court which includes the powers under subchapter A of chapter 229 of Title 18 and subchapters B and D of chapter 227 of Title 18."  *Jackson*, 2023 WL 4636613, at *2; *accord Weiss*, 2022 WL 10667255, at *2.  "Subchapter A of chapter 229, which includes § 3605, governs post-sentence administration of probation; subchapter B of chapter 227 governs sentences of probation; and subchapter D of chapter 227 governs sentences of imprisonment."  *Jackson*, 2023 WL 4636613, at *2; *accord Weiss*, 2022 WL 10667255, at *2.  "The subchapters concerning the imposition and administration

of fines and the miscellaneous sentencing provisions relating to restitution are not included in the statutory transfer of power to a transferee court." *Jackson*, 2023 WL 4636613, at *2; *accord Weiss*, 2022 WL 10667255, at *2. "Indeed, both subchapters are excluded by the plain language of the statute. See 18 U.S.C. § 3605." *Weiss*, 2022 WL 10667255, at *2.

Here, Manning's request that the balance of his restitution order be forgiven does not relate to any of the sentencing provisions expressly transferred to this court. Accordingly, the Western District of Texas retains jurisdiction to modify the restitution order and address Manning's request. Thus, this court is without jurisdiction to consider Manning's *pro se* letter request for the court to excuse the remainder of his restitution. Accordingly, the letter request (#17) is DISMISSED for lack of jurisdiction.

SIGNED at Beaumont, Texas, this 5th day of June, 2026.

Marcia A. Crone

MARCIA A. CRONE
UNITED STATES DISTRICT JUDGE